# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Julia M.,**
**Respondent Below, Petitioner**

**vs)  No. 11-1244** (Putnam County 11-DV-9)

**Noah M.,**
**Petitioner Below, Respondent**

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Julia M., by counsel Christopher T. Pritt, appeals the Circuit Court of Putnam County's "Order Reversing Family Court and Denying [Julia M.'s] Rule 60 Motion" entered on August 5, 2011. Respondent Noah M., who is now *pro se*, has failed to file a brief with this Court.[1]

This Court has considered the petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the brief, and the record presented, the Court finds no prejudicial error. Accordingly, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Noah M. filed a petition in the Family Court of Putnam County asking that a domestic violence protective order be entered against his ex-wife, Julia M., to prevent her from harming their then-four-year-old son. Noah M. asserted that after being in Julia M.'s care, the child had severe bruising and abrasions on his buttocks and legs. Noah M. took the child to a hospital emergency room. Medical records from this hospital visit were presented to the family court at the emergency hearing on the petition, but these records are not in the appendix record on appeal to this Court. According to the discussion at the family court hearing, the medical records reveal that the child told a doctor that he had been struck with a belt. Julia M. denied striking the child with a belt and denied harming the child. The family court declined to issue a domestic violence protective order, ruling from the bench that no evidence was presented of abuse; that four-year-

---

[1] Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondent has failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor simply because respondent failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).

1

old children lie and "believe in Santa Claus"; and that Child Protective Services and the police could investigate the abuse claim.

Noah M. appealed to circuit court, which reversed the family court and entered a domestic violence protective order for a period of 180 days. Thereafter, Julia M. filed a Rule 60 motion that the circuit court refused. The circuit court found that the family court erred in determining the credibility of a child who did not even testify, and abused its discretion by not properly considering the medical documents submitted without objection.

Julia M. now appeals to this Court. "Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W.Va. 702, 591 S.E.2d 260. *See also* W.Va. Code § 48-27-510(d).

Julia M. argues that the circuit court erred by relying upon the medical records when reversing the family court and granting the domestic violence protective order; she asserts that the records contained hearsay and were not authenticated. However, Julia M. failed to object to these records during the family court hearing. Accordingly, we conclude that even if there was error, it was waived.

Julia M. also argues that the circuit court erred by referring to a competency standard for children, when it was really holding that the family court erred in assessing the credibility of a child. We find this argument to be unpersuasive. Regardless of what standard is discussed, the child did not even testify at the family court hearing. Based on the evidence that was presented at the family court hearing, the circuit court found that a domestic violence protective order should have issued.

In her appendix record for her appeal to this Court, Julia M. has failed to include the medical records. Without a complete record, we cannot evaluate whether the circuit court abused its discretion in reversing the family court. Accordingly, we must affirm.[2]

Affirmed.

---

[2] Petitioner represents in her brief to this Court that Child Protective Services subsequently investigated and found no abuse. This representation is not in the appendix record. Moreover, we must evaluate the lower tribunal's decisions based upon the information available at the time the decisions were made. When faced with a petition for domestic violence protective order, a court often will not have the benefit of a full police or Child Protective Services investigation. Even if petitioner was subsequently absolved of abuse, that would not prove that it was error to enter the temporary domestic violence order so long as the statutory terms for issuance were satisfied. *See* W.Va. Code § 48-27-501 (providing for the issuance of a protective order).

**ISSUED:**  February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II